UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 5:15-cv-01641-SVW-SP | Date | December 17, 2015 |
|---|---|---|---|
| Title | Ryan Carr v. Chipotle Services, LLC, et al. | | |

## JS-6

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |
|---|---|
| Paul M. Cruz | N/A |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:**    IN CHAMBERS ORDER REMANDING TO STATE COURT

**Introduction**

On March 3, 2015 plaintiff Ryan Carr ("Plaintiff" or "Carr") filed a state court complaint (Compl.) alleging eleven claims under California law against Chipotle Services LLC and Shane Menses[1] ("Defendants").   Compl.

On August 14, 2015 Chipotle removed the case to this Court pursuant to 28 U.S.C. § 1441(a) on the theory that the Court had original jurisdiction under 28 U.S.C. § 1332(a).   Dkt. 1.   Chipotle argued that although Plaintiff alleged that Menses was a resident of California, Compl. ¶ 6, and that Carr was a resident of California, Compl. ¶ 1, the case really involves complete diversity.   Dkt. 1 ¶ 8–9.

Next, on October 26, 2015, the Court held a status conference on the jurisdictional discovery taking place regarding a potential motion to remand.   Dkt. 14.   At the status conference, Plaintiff's counsel informed the Court that they intended to file a motion to withdraw as counsel.   Id.

After the status conference, the Court undertook a review of the notice of removal to ascertain whether removal was appropriate in the first instance.   For the reasons stated below, the Court REMANDS the case state court for lack of subject matter jurisdiction.

---

[1] Menses was initially named as a Doe defendant until Plaintiff discovered his last name.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:15-cv-01641-SVW-SP | Date | December 17, 2015 |
| Title | Ryan Carr v. Chipotle Services, LLC, et al. | | |

**Legal Standard**

Removal jurisdiction is strictly construed because federal jurisdiction must be rejected "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curium). However, removal jurisdiction is proper if the case could have been filed in federal court originally. 28 U.S.C. § 1441. One basis for subject matter jurisdiction is the parties' diversity of citizenship. 28 U.S.C. § 1332. If removed on diversity grounds, the parties must be completely diverse, and the amount in controversy must exceed $75,000. *Id.* And the removing defendant has the burden of overcoming the "strong presumption" against removal and establishing that removal was proper. *Gaus*, 980 F.2d at 566.

Citizenship of a natural person is determined by his or her state of domicile. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Id.* And a person retains his or her domicile until another domicile has been acquired. *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986). "A change in domicile requires the confluence of (a) physical presence at the new location with (b) an intention to remain there indefinitely." *Id.* (citing 13B C. Wright, A. Miller, & E. Cooper, *Federal Practice and Procedure* § 3613). Courts consider a number of factors in determining domicile, "including: current residence, voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes." *Id.*

Where the face of the complaint does not state the amount in controversy, a court may consider whether it is "facially apparent" from the complaint that the jurisdictional amount is in controversy. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). If not, then jurisdiction is indeterminate and the court may consider facts in the removal petition and require parties to submit summary-judgment-type evidence relevant to the amount in controversy. *Id.*; *see also Matheson v. Progressive Speciality Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). The defendant ultimately bears the burden of proving the amount in controversy by a preponderance of the evidence. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). A speculative argument as to the amount in controversy is insufficient. *See Gaus*, 980 F.2d at 567.

**Statement of Facts**

:  _____

Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:15-cv-01641-SVW-SP | Date | December 17, 2015 |
|---|---|---|---|
| Title | Ryan Carr v. Chipotle Services, LLC, et al. | | |

In his complaint, Plaintiff alleges that he "was and is a resident of the County of Riverside, California." Compl. ¶ 1. He alleges that he was employed by Chipotle in San Bernardino, California. *See id.* ¶¶ 2, 4. Plaintiff also alleges that defendant Shane (Menses) "was and is a resident of the County of Riverside, California."[2] ¶ 6.

On April 22, 2015, Chipotle served Plaintiff with a form interrogatory. Dkts. 1-6, 1-7. On July 13, 2015, Plaintiff served Chipotle with his responses to its form interrogatory. Dkts. 1-6, 1-8. In his response to interrogatory 2.5, Plaintiff stated that he had a residence in Pennsylvania from January 2015 to the date of his response on July 13, 2015. *See* Dkts. 1-7, 1-8. The response also indicated that Carr worked at a Pennsylvania Olive Garden restaurant from February 2015 to April 2015 and a Pennsylvania Lids store from April 2015 to the date of his response on July 13, 2015. *See* Dkts. 1-7, 1-8.

**Application**

Chipotle argues that removal is proper because, according to Plaintiff's answer to the form interrogatory, Carr currently resides in Pennsylvania, and there is complete diversity of citizenship. Dkt. 1 ¶¶ 9–10. But Chipotle misunderstands the requirements of removal. The bare fact that Carr was physically present in Pennsylvania at the time that the complaint was filed is not sufficient to establish domicile in the state.[3] Chipotle bears the burden of proving that Carr established a domicile in Pennsylvania. Chipotle has not established evidence of most of the factors that courts consider in evaluating a change of domicile. At most, Chipotle has established that Carr's current residence and place of employment have been in Pennsylvania for at least six months as of the time of his response. But the Court cannot conclude without more that he has changed domicile. It is beyond doubt that a short-term move to another state and employment in the new state do not necessarily establish a change of domicile. *See, e.g., Webb v. Banquer*, 19 F. Supp. 2d 649, 654 (S.D. Miss. 1998) (holding temporary move to another state and employment in a different state not a change of domicile). Here, there are also countervailing facts. Plaintiff's counsel has represented that Carr's move to Pennsylvania was temporary. And even Plaintiff's response to the interrogatory indicates that Carr had

---

[2] Though it is not material to the present order, it appears Chipotle is a citizen of Delaware and Colorado. *See* Dkt. 1 ¶¶ 12–30.
[3] Though Chipotle does not mention this in its notice of removal, it also appears that Carr held two separate jobs during his time in Pennsylvania. *See* Dkt. 1-8, 4.

_____ : _____
Initials of Preparer
PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:15-cv-01641-SVW-SP | Date | December 17, 2015 |
| Title | Ryan Carr v. Chipotle Services, LLC, et al. | | |

a California driver's license.

While jurisdictional discovery may well have determined that Carr was a citizen of Pennsylvania, Chipotle's removal was premature. With the limited objective facts available from Plaintiff's response to Chipotle's interrogatory, there was insufficient information to justify removal. Accordingly, the Court FINDS that there is not complete diversity of citizenship, and the Court does not have subject matter jurisdiction to hear the case.[4]

**Order**

For the aforementioned reasons, the Court REMANDS this case to the Superior Court in the County of San Bernardino.

The hearing scheduled for December 21, 2015 is VACATED and OFF-CALENDAR.

Plaintiff's Counsel's motion to withdraw is DENIED as MOOT.

IT IS SO ORDERED.

---

[4] The Court also expresses doubts about Chipotle's amount-in-controversy calculations. In its notice of removal, Chipotle argues that the complaint alleged damages exceeding $75,000. Dkt. 1 ¶¶ 31–37. Chipotle provides a declaration stating that Carr was paid at a rate of $9.25 per hour. Dkt. 1-11. Based on this declaration, Chipotle argues that Carr could claim $370 per week and $19,240 per year in lost wages. *Id.* ¶ 33. Further, Chipotle extrapolates that as of the notice of removal, Carr might have a claim in excess of $32,000 and "[b]y the time this case is resolved at trial, likely no earlier than August 2016 (a year from the date this Notice is filed), Plaintiff's unmitigated lost wages could amount to over $51,000." *Id.* Chipotle also argues that beyond his claim for lost wages, Plaintiff's other claims could yield a total amount in controversy in excess of $75,000. *Id.* ¶ 34. Chipotle's reliance on the fact that other cases where plaintiffs have asserted claims for lost wages, punitive damages, and attorneys' fees have found subject matter jurisdiction or awarded damages in excess of $75,000 has little bearing on the Court's evaluation of the amount in controversy in this case. Because the parties did not brief this issue and it is unnecessary to the issue of subject matter jurisdiction, the Court makes no findings on whether the amount-in-controversy requirement was met based on the complaint.

| | : |
|---|---|
| Initials of Preparer | |
| PMC | |